IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DOMINIC MILANO,<br><br>    Defendant.<br>_____/ | No. CR 08-0559 CW<br><br>ORDER DENYING<br>GOVERNMENT'S<br>MOTION TO STAY |

    Defendant, a federal prisoner, has filed a motion under 28 U.S.C. § 2255 to correct his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  The government has now filed a motion to stay the proceedings pending the resolution of Beckles v. United States, S. Ct. Case No. 15-8544, in which the Supreme Court will address the applicability of Johnson to the residual clause of the Career Offender provision of the United States Sentencing Guideline and, if it is applicable, whether Johnson applies to collateral challenges to federal sentences enhanced based on the residual clause of the Career Offender Guideline.  Defendant opposes the motion.

    Having considered the government's motion and the record in the case, the Court DENIES the motion.  Docket No. 33.  As Defendant notes, judicial economy is not alone enough to justify a potentially lengthy stay in habeas cases.  Yong v. INS, 208 F.3d

1116, 1120-21 (9th Cir. 2000).  Like a habeas petition, a § 2255 motion "challenging illegality of detention, is reduced to a sham if trial courts do not act within a reasonable time."  Id. at 1120 (quoting Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978)) (internal alteration marks omitted).  Time could be of the essence for defendants challenging sentences enhanced based on the residual clause of the Career Offender Guideline.  Indeed, Defendant notes that his current release date is August 23, 2017.  Even in non-habeas cases, the Supreme Court has held that a party seeking a stay must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else."  Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).  The government has failed to show any hardship or inequity to justify a stay of these proceedings.

If the Court grants the § 2255 motion, it will proceed to resentencing.  Execution of any new sentence would be stayed and contingent on the Supreme Court's decision in Beckles, but the parties would be able to proceed with any appeals.

IT IS SO ORDERED.

Dated: August 2, 2016

_____
CLAUDIA WILKEN
United States District Judge

2